DLD-238                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4600
_____

ARMANDO NAVAR,
                                                Appellant,

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 13-cv-04978)
District Judge: Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014

Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: June 18, 2014)
_____

OPINION
_____

PER CURIAM

    Appellant Armando Navar, a federal prisoner, appeals from an order of the District

Court dismissing his federal habeas corpus petition for lack of jurisdiction.  For the

reasons that follow, we will summarily affirm.

Navar was convicted of numerous federal drug trafficking offenses following a jury trial in the United States District Court for the Northern District of Illinois. He was sentenced to a term of imprisonment of 324 months. The Court of Appeals for the Seventh Circuit affirmed the criminal judgment, see United States v. Recendiz, 557 F.3d 511 (7th Cir. 2009). In August, 2010, Navar filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, raising several claims of ineffective assistance of counsel. Navar's section 2255 motion was denied on the merits, see Navar v. United States, 2011 WL 3584779 (N.D. Ill. August 10, 2011).

In 2013, Navar sought authorization from the Seventh Circuit to file a second or successive section 2255 motion on the basis of Lafler v. Cooper, 132 S. Ct. 1376 (U.S. 2012), and Missouri v. Frye, 132 S. Ct. 1399 (U.S. 2012). The motion was denied on the grounds that these cases did not announce a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2) for authorization, and that, even if Navar only recently discovered the existence of plea negotiations in his case, that fact would not demonstrate his innocence, as required by § 2255(h)(1) for authorization. See Navar v. United States, No. 13-1610 (7th Cir. April 1, 2013) (order).

Navar, who is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, then filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, claiming that, because of his counsel's ineffectiveness in the context of plea negotiations, he was actually innocent of 138 months of his 324-month sentence. For support, Navar relied on Lafler v. Cooper and Missouri v. Frye. In an order entered on November 8, 2013, the District Court

2

dismissed the petition for lack of subject matter jurisdiction, concluding that a section 2255 motion was not inadequate or ineffective to test the legality of his detention. Moreover, Navar had not alleged facts which would bring him within the section 2255 "safety valve," see In re: Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997). The District Court also expressed its agreement with the Seventh Circuit that neither Lafler nor Frye announced a new rule of constitutional law.

Navar appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Navar has filed a motion for appointment of counsel and a response in opposition to summary action.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly determined that Navar could not bring his claim in a federal habeas corpus petition. A prisoner can proceed under 28 U.S.C. § 2241 if a section 2255 motion is "inadequate or ineffective." Dorsainvil, 119 F.3d at 249. This "safety valve" applies when a prisoner has been convicted and imprisoned for conduct later deemed not to be criminal and when he had no earlier opportunity to challenge the conviction. 119 F.3d at 251. Navar does not argue that he is innocent of the drug trafficking offenses. Rather, he argues that he is innocent of a portion of his sentence (because of counsel's ineffectiveness in the matter of negotiating a plea deal). The "safety valve" thus does not apply. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (petitioner may

3

not use section 2241 to bring <u>Apprendi</u> claim because <u>Apprendi</u> dealt with sentencing and did not render conspiracy to import heroin, the crime for which <u>Okereke</u> was convicted, not criminal).[1]

In his motion for appointment of counsel, Navar seeks to raise additional claims concerning the quantity of drugs involved in his offense and the length of his sentence which were not raised in his habeas corpus petition or addressed by the District Court. We decline to address these claims for the first time on appeal. <u>See</u> <u>Harris v. City of Philadelphia</u>, 35 F.3d 840, 845 (3d Cir. 1994).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the federal habeas corpus petition for lack of jurisdiction. Appellant's motion for appointment of counsel is denied.

---

[1] We also agree with the District Court that neither <u>Lafler</u> nor <u>Frye</u> announced a new rule of constitutional law, as required for authorization to file a second or successive section 2255 motion. Each case merely clarified how <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), applies in the plea negotiation context. In <u>Lafler</u>, trial counsel gave the defendant incorrect advice regarding whether to reject a plea offer. The defendant went to trial and received a much higher sentence. In <u>Frye</u>, trial counsel failed to inform the defendant of a plea offer. As the Supreme Court explained, "[c]ourts have recognized claims of this sort for over 30 years[.]" <u>Lafler</u>, 132 S. Ct. at 1389.